No. 22-8007

# In The United States Court of Appeals for the Third Circuit

--------------------

Commonwealth of Pennsylvania, Pennsylvania Game Commission,

*Petitioner,*

v.

Thomas E. Proctor Heirs Trust,

*Respondent.*

--------------------

On Petition for Appeal from the United States District Court for the Middle District of Pennsylvania Case No. 12-cv-1567 The Honorable Christopher C. Conner, District Judge

--------------------

## ANSWER TO PETITION FOR PERMISSION TO APPEAL

--------------------

Laura A. Lange
1670 Sturbridge Drive
Sewickley, PA 15143
(847) 800-8334
*lange@proctortrust.com*

Justin G. Weber
TROUTMAN PEPPER
    HAMILTON SANDERS LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
*Justin.Weber@troutman.com*

*Counsel for Respondent*

February 14, 2022

## Rule 26.1 Corporate Disclosure Statement

Pursuant to Federal Rule of Appellate Procedure 26.1, the Thomas E. Proctor Heirs Trust certifies that it is a Massachusetts Trust and that no publicly owned corporation has a financial interest in the outcome of this litigation.

## Answer to Petition for Permission to Appeal

The Commonwealth of Pennsylvania, Pennsylvania Game Commission (the "Game Commission") seeks certification of the District Court's December 3, 2021 judgment in favor of the Thomas E. Proctor Heirs Trust (the "Trust"). The Trust agrees that the question certified by the District Court is controlling and that its resolution will materially advance the litigation over the remaining tracts of land at issue in this case. Accordingly, the Trust does not oppose interlocutory appeal under 28 U.S.C. § 1292(b). However, the Game Commission's petition to this Court seeks to expand its appeal's scope beyond the certified question, to include an issue that is neither controlling nor within the scope of the District Court's order. If the Court grants permission to appeal, it should limit its review to the question certified by the District Court.

Following a bench trial, on December 3, 2021, the District Court entered judgment in favor of the Trust, declaring it the owner of the oil, gas, and minerals in and under the bellwether tract of the Josiah Haines Warrant in Bradford County, Pennsylvania.  The District Court's ruling rested in part upon its determination that under Pennsylvania law, the owner of unseated land had a duty to pay the taxes, thereby preventing the owner or its agent from acquiring better title at a tax sale caused by the owner's failure to pay taxes. Pet. Ex. A at 35, 39–43.

1

The Game Commission sought certification of the Court's December 3, 2021 order for interlocutory appeal, requesting certification of two questions: (1) whether the tax sale could be collaterally attacked on the basis that the severance of the surface and subsurface estate were reported; and (2) whether there was a duty obligating the surface owner to pay the taxes on unseated land. In its order granting certification under 28 U.S.C. § 1292(b), the District Court certified a single question:

> Under Pennsylvania law in effect at all times relevant to the instant quiet title dispute, did the owner of an unseated surface estate have a legal duty to pay taxes assessed on said surface estate, thereby preventing the owner—or the owner's agent—from acquiring better title to the land at a tax sale induced by the unseated surface owner's default?

Pet. Ex. C at 3.

Despite the District Court's certification of only one question, the Game Commission now seeks review of an additional question—whether the two-year limitation in the Act of 1815 to challenges to the irregularity of the assessments somehow precludes the Trust's claims here. This uncertified question simply is not relevant to the resolution of this case because the Trust never challenged the propriety of the tax sale itself or the assessment on which it was based.

More critically, resolution of that question has no bearing on the District Court's ruling in this case. The District Court's ruling did not invalidate the tax

2

sale—it only determined the effect the tax sale had on the title to the subsurface estate. Following trial, the District Court determined that the tax sale purchaser—Calvin H. McCauley, Jr.—was acting as the agent of the defaulting surface owner at the tax sale and that his purchase "effectuated nothing more than a redemption of its surface interest." Pet. Ex. A at 43. The Trust agrees with the District Court that this ruling and the certified question are controlling for the remaining tracts in this case.  Therefore, the Trust does not oppose appeal on the District Court's certified question.  However, the Trust disagrees with the Game Commission's attempt to appeal an uncertified question that would have no impact on the District Court's judgment.  That question is not "controlling" under Section 1292(b), nor is it within the scope of the District Court's certified order.  The Trust further disagrees with the Game Commission's representations of the law and facts involved in this case, but will reserve those points for its argument on the merits of any appeal.

## Conclusion

The Trust does not oppose interlocutory appeal limited to the question certified by the District Court.

Respectfully submitted,

Dated: February 14, 2022

*/s/ Laura Lange*
Laura Lange
1670 Sturbridge Drive
Sewickley, PA 15143
*lange@proctortrust.com*

Justin G. Weber
TROUTMAN PEPPER
   HAMILTON SANDERS LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
*Justin.Weber@troutman.com*

## Certificate of Bar Membership

I hereby certify that I am a member in good standing of the bar of the

United States Court of Appeals for the Third Circuit.

Dated: February 14, 2022          */s/ Laura Lange*
                                  Laura Lange

## Certificate of Compliance with Rule 32(a)

This answer complies with the type volume limitation of Federal Rule of Appellate Procedure 5(c) because it contains 677 words, exclusive of the cover and certificates. This answer complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Century Schoolbook font.

Dated: February 14, 2022          */s/ Laura Lange*
                                  Laura Lange

## LAR Rule 31.1(c) Certification

In accordance with Third Circuit Local Appellate 31.1(c), I certify that the text of the electronic answer is identical to the text of the paper copies being filed. I further certify that the electronic submission was subjected to a virus scan using Norton Security software program version 22.18.0.213.

Dated: February 14, 2022         /s/ Laura Lange
                                 Laura Lange

## Certificate of Service

I hereby certify that, on February 14, 2022, a true and correct copy of answer to the petition was served on counsel of record through the Court's CM/ECF system.

Dated: February 14, 2022          /s/ *Laura Lange*
                                  Laura Lange